IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Anderson, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| -*vs*- | ) | No._____ |
| | ) | |
| Sheriff of Cook County and Cook County, Illinois | ) | *(jury demand)* |
| | ) | |
| *Defendants*. | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Robert Anderson is a resident of the Northern District of Illinois.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). In addition, defendant Cook County may be responsible under §1983 for the policies complained of herein.

5. Plaintiff was arrested on a misdemeanor offense on February 13, 2010 and processed into the Cook County Jail as a pre-trial detainee on February 14, 2010.

6. While being processed into the jail, plaintiff informed intake personnel that he suffered from congestive heart failure and was taking a va-

riety of prescribed medication, including medication for congestive heart failure and hypertension.

7. Intake personnel did not dispense any medication to plaintiff, but provided plaintiff with a prescription for some but not all of the prescribed medication he had been taking.

8. Plaintiff did not receive any medication until he had been at the jail for several days.

9. On or about February 27, 2010, plaintiff began to experience a severe headache. Plaintiff associated this symptom with abnormal blood pressure. Plaintiff described his symptoms to the nurse who was dispensing medication and asked her to check his blood pressure. The nurse refused.

10. For the next three days, plaintiff made repeated requests for medical treatment. These requests were ignored until plaintiff began to walk with a limp, experience trouble seeing, and demonstrated trouble speaking.

11. In the evening of March 1, 2010, a correctional sergeant became aware of plaintiff's symptoms; the sergeant prevailed on a nurse to check plaintiff's blood pressure.

12. After checking plaintiff's blood pressure and upon learning plaintiff's medical history and his symptoms, the nurse referred to in the preceding paragraph knew, or reasonably should have known, that plaintiff required immediate medical attention.

13. The above referred nurse set up an appointment for plaintiff to see a physician the next morning.

14. Plaintiff saw a physician at the jail on or about March 2, 2010. The physician recognized that plaintiff was having a stroke and arranged for plaintiff to be evacuated to Stroger Hospital.

15. Plaintiff was diagnosed with a stroke at Stroger Hospital and received treatment there for several days.

16. Plaintiff was released from the jail on or about March 10, 2010.

17. As a result of the foregoing, plaintiff has serious deficits in speech, balance, and mobility.

18. Plaintiff's injuries were caused by one or more of the following:

    a.    The failure of the jail to provide plaintiff with all of his prescribed medication upon admission to the jail. Plaintiff is a member of the plaintiff class in *Parish v. Sheriff,* 07 CV 4369, and all or part of this claim is at issue in *Parish*.

    b.    The failure of the jail to provide a mechanism for detainees who are exhibiting stroke symptoms to obtain medical care. This failure is the result of a widespread practice of deliberate indifference on the part of defendants Sheriff and Cook County to the medical needs of persons detained at the Cook County Jail. This failure consists of one or more of the following:

      i.  Failure by defendant Sheriff to train correctional officers to recognize stroke symptoms;

      ii.  A decision by defendant Cook County to limit expenditures by reducing the number of medical personnel at the Cook County Jail below the level required to provide reasonable care to detainees.

19. Plaintiff demands trial by jury.

20. As a result of the foregoing, plaintiff suffered serious personal injuries and is now disabled.

WHEREFORE plaintiff requests that judgment be awarded against defendants in an amount in excess of one million dollars and that the costs of this action, including reasonable attorneys' fees, be taxed against defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(312) 427-3200

Thomas G. Morrissey, Ltd.
10249 South Western Avenue
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*