**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 2353 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Virginia M. Kendall |
| SHERIFF OF COOK COUNTY, and | ) | |
| COOK COUNTY, ILLINOIS, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT**

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

    ANSWER: Defendants admit the allegations of Paragraph 1.

2. Plaintiff Robert Anderson is a resident of the Northern District of Illinois.

    ANSWER: Defendants neither admit nor deny and demand strict proof thereof.

3. Defendant Sheriff of Cook County is sued in his official capacity.

    ANSWER: Defendant admits the allegations in Paragraph 3.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.2d 947 (7th Cir. 2003). In addition, defendant Cook County may be responsible under §1983 for the policies complained of herein.

    ANSWER: Defendant admits Cook County is a necessary party pursuant to *Carver*. Defendant denies the remainder of the allegations in paragraph 4.

5. Plaintiff was arrested on a misdemeanor offense on February 13, 2010 and processed into the Cook County Jail as a pre-trial detainee on February 14, 2010.

ANSWER: Defendant admits the Plaintiff was a pre-trial detainee and the Cook County Jail on February 14, 2010 and demands strict proof thereof of the remainder of allegations in paragraph 5.

6. While being processed into the jail, plaintiff informed intake personnel that he suffered from congestive heart failure and was taking a variety of prescribed medication, including medication for congestive heart failure and hypertension.

ANSWER: Defendants denies the allegations in paragraph 6.

7. Intake personnel did not dispense any medication to plaintiff, but provided plaintiff with a prescription for some but not all of the prescribed medication he had been taking.

ANSWER: Defendants deny the allegations in paragraph 7.

8. Plaintiff did not receive any medication until he had been at the jail for several days.

ANSWER: Defendants deny the allegations in paragraph 8.

9. On or about February 27, 2010, plaintiff began to experience a severe headache. Plaintiff associated this symptom with abnormal blood pressure. Plaintiff described his symptoms to the nurse who was dispensing medication and asked her to check his blood pressure. The nurse refused.

ANSWER: Defendants deny the allegations in paragraph 9.

10. For the next three days, plaintiff made repeated requests for medical treatment. These requests were ignored until plaintiff began to walk with a limp, experience trouble seeing, and demonstrated trouble speaking.

ANSWER: Defendants deny the allegations in paragraph 10.

11. In the evening of March 1, 2010, a correctional sergeant became aware of plaintiff's symptoms; the sergeant prevailed on a nurse to check plaintiff's blood pressure.

ANSWER: Defendants deny the allegations in paragraph 11.

12. After checking plaintiff's blood pressure and upon learning plain-tiff's medical history and his symptoms, the nurse referred to in the pre-ceding paragraph knew, or reasonably should have known, that plaintiff required immediate medical attention.

ANSWER: Defendants deny the allegations in paragraph 12.

13. The above referred nurse set up an appointment for plaintiff to see a physician the next morning.

ANSWER: Defendant denies the allegations in paragraph 13.

14. Plaintiff saw a physician at the jail on or about March 2, 2010. The physician recognized that plaintiff was having a stroke and arranged for plaintiff to be evacuated to Stroger Hospital.

ANSWER: Defendant admits plaintiff was transported to Stroger hospital on March 2, 2010. Defendant denies the remainder of the allegations in paragraph 14.

15. Plaintiff was diagnosed with a stroke at Stroger Hospital and received treatment there for several days.

ANSWER: Defendant admits the allegations in paragraph 15.

16. Plaintiff was released from the jail on or about March 10, 2010.

ANSWER: Defendant admits the allegations in paragraph 16.

17. As a result of the foregoing, plaintiff has serious deficits in speech, balance, and mobility.

ANSWER: Defendant denies the allegations in paragraph 17.

18. Plaintiff's injuries were caused by one or more of the following:

a. The failure of the jail to provide plaintiff with all of his prescribed medication upon admission to the jail. Plaintiff is a member of the plaintiff class in *Parish v. Sheriff,* 07 CV 4369, and all or part of this claim is at issue in *Parish.*

b. The failure of the jail to provide a mechanism for detainees who are exhibiting stroke symptoms to obtain medical care. This failure is the result of a widespread practice of deliberate indifference on the part of defendants Sheriff and Cook County to the medical needs of persons detained at the Cook County Jail. This failure consists of one or more of the following:

i. Failure by defendant Sheriff to train correctional officers to recognize stroke symptoms;

ii. A decision by defendant Cook County to limit expenditures by reducing the number of medical personnel at the Cook County Jail below the level required to provide reason-able care to detainees.

ANSWER: Defendant denies the allegations in paragraph 18a, 18b, 18(b)(i), and 18(b)(ii).

19. Plaintiff demands trial by jury.

ANSWER: Paragraph 19 does not need an answer therefore Defendant neither admits nor denies the allegations in paragraph 19.

20. As a result of the foregoing, plaintiff suffered serious personal in-juries and is now disabled.

ANSWER: Defendant denies the allegations in paragraph 20.

## JURY DEMAND

Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant, Salvador Godinez, Executive Director of Cook County Department of Corrections, by his attorney ANITA ALVAREZ, State's Attorney of Cook County, by and through Mary E. McClellan, Assistant State's Attorney, states the following Affirmative Defenses:

1. The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of qualified immunity.

2. Plaintiff is a member of the class in *Parish, et al. v. Sheriff, et al.* 07 CV 4369 involving the same nucleus of operative facts. Thus, the claims made by Plaintiff here are barred by the doctrine of *res judicata*.

3. Defendant County of Cook has no employment relationship with the Sheriff of Cook County and therefore the Sheriff of Cook County cannot be held liable based on any policy of the County of Cook. Defendant is not liable for payment of judgments for punitive or exemplary damages.

4. To the extent that any issues raised in the current complaint were raised and adjudicated in earlier proceeding, the re-litigation of these issues should be precluded.

5. Defendant is not liable for payment of judgments for punitive or exemplary damages.

WHEREFORE, SHERIFF OF COOK COUNTY respectfully requests judgment in its favor and against Plaintiffs, request that Plaintiffs take nothing, that the SHERIFF OF COOK COUNTY is awarded all fees and costs incurred in defending this claim wrongfully brought, and for all such other relief the Court deems appropriate.

                                      Respectfully submitted,

                                      ANITA ALVAREZ

                                      **State's Attorney of Cook County**

                    By:   *s/Mary E.McClellan*
                            Mary E. McClellan

Mary E. McClellan

Assistant State's Attorney

500 Richard J. Daley Center
Chicago, Illinois 60602
 (312) 603-3374
 #6283486